UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:21-CR-22-JTM-JEM |
| | ) | |
| KEITH CLOUDY, | ) | |
|     Defendant. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendant's Motion to Suppress Evidence [DE 33], filed April 28, 2021. Defendant requests that the evidence seized from Cloudy's car on February 18, 2020, be suppressed. On September 14, 2021, Judge James T. Moody entered an Order [DE 34] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

Finding that there was probable cause for the initial traffic stop, the Court recommends that the District Court deny the Motion to Suppress.

**I.      Background**

Defendant Keith Cloudy is charged by way of a single count indictment, filed February 20, 2020, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On April 28, 2021, Defendant filed the instant motion to suppress the evidence seized from his vehicle during a traffic stop and search of his vehicle. On September 14, 2021, District Court Judge Moody referred the motion to the undersigned Magistrate Judge to conduct a hearing on the

motion. On October 6, 2021, the Court held an evidentiary hearing on the motion. On October 20, 2021, the Government filed a post-hearing brief in opposition to the motion, and on November 1, 2021, Defendant filed his post-hearing brief in support of the request to suppress evidence.

## II.   Testimony

Officer Justin Clark, a Gary Indiana Police Officer and FBI Gang Response Investigative Team Task Force Officer, testified that he was working with the Multi-Agency Gang Unit. The Unit focuses on high crime areas and gang activity, but its officers also make traffic stops and enforce traffic laws. Tr. 4-5 [DE 45]. On the evening of February 18, 2020, Officer Clark was in his undercover police car, equipped with emergency lights and siren, at the southwest corner of the intersection of 15th Avenue and Clark Road in Gary, Indiana, across from a gas station. Tr. 5-7. He testified that at approximately 8:30 p.m., several hours after sunset when it was fully dark outside, he observed a silver Dodge Charger car at the gas station pumps, but no person pumping gas. Tr. 8. He then saw the Charger pull out of the gas station onto 15th Avenue without its headlights on. TR 9:1-10. Officer Clark testified the car's daytime running lights were on, not the headlights, and that he has a Charger, recognized the daytime running lights, and knew that the daytime running lights operate independently of the car headlights. TR 31:4-9, 33:1-23. He testified that the daytime running lights do not project like headlights would and do not illuminate the road or objects ahead of the car when it is dark. TR 34:2-4; 48:12-19. Officer Clark testified that he saw Charger drove east on 15th Avenue without turning on its headlights, and Officer Clark pulled out of the lot onto the road, caught up to the Charger and activated his car's emergency lights. TR 9:11-10:5. The Charger stopped at 15th Avenue and Whitcomb Street, and the driver identified himself as Keith Cloudy when Officer Clark spoke with him and informed him that he

2

stopped the car because Cloudy was driving without headlights. TR 10.

After he was stopped, Cloudy informed Officer Clark that he did not have and had never been issued a driver's license, and Cloudy was arrested for operating a motor vehicle while never receiving a license. TR 10:20-11:9; 15:1-6. Police performed an inventory search of the car, during which they discovered a firearm. TR 19:7-12.

Defendant Cloudy testified that the headlights in the car were automatic, so he did not have to – and, indeed, did not – turn them on when he got into the car at the gas station, and that they were on during the events leading up to the traffic stop. TR 4-5 [DE 46].

### III.    Analysis

In order for a vehicle stop to be constitutional, it must be "reasonable" under the Fourth Amendment. U.S. Const. amend. IV; *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred," *Whren v. United States*, 517 U.S. 806, 810 (1996), and "[p]robable cause exists when 'the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense.'" *United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005) (quoting *United States v. Cashman*, 216 F.3d 582, 586 (7th Cir.2000). "Probable cause is an objective standard, based on the totality of the circumstances. If an officer reasonably thinks he sees a driver commit a traffic infraction, that is a sufficient basis to pull him over without violating the Constitution." *United States v. Simon*, 937 F.3d 820, 828–29 (7th Cir. 2019), cert. denied, 140 S. Ct. 824 (2020). Indeed, "[w]hether the driver actually committed a traffic infraction is irrelevant for Fourth Amendment purposes so long as there was an objective basis for a reasonable belief he did." *United States v. Lewis*, 920 F.3d 483, 489 (7th

Cir. 2019).

In this case, the officer testified that he saw a silver Dodge Charger pull onto a public road at approximately 8:30 on a February night, long after sunset, with only daytime running lights but no headlights on. He testified that he has a Dodge Charger and is familiar with the fact that the running lights operate independently of the car's headlights, and that the running lights do not illuminate the road ahead in the dark. The Indiana Code requires that vehicles driving on publicly maintained roads open to vehicular travel "between the time from sunset to sunrise . . . must display lighted head lamps," and the driver "shall use a distribution of light or composite beam directed high enough and of sufficient intensity to reveal persons and vehicles at a safe distance in advance of the vehicle." Ind. Code §§ 9-21-7-2; 9-21-7-5; 9-13-2-73; *see also Goens v. State*, 943 N.E.2d 829, 834 (Ind. Ct. App. 2011) ("the clear import of this statute [§ 9-21-7-2] is to require vehicles traveling on darkened roadways to have operating headlights").

Defendant argues that the Government has not met its burden of proving that the officer stopped Cloudy based on an objectively reasonable believe he was in violation of Indiana traffic law at the time of the stop. In particular, Defendant argues that Cloudy was in full compliance with the Indiana Code because there were lights on as required, even if they were running lights, and that there is no evidence that the lights were insufficient to illuminate what they were required to. However, the officer testified that daytime running lights are insufficient to illuminate the road and objects ahead of the car. Accordingly, the officer had probable cause to believe that was not displaying lighted head lamps at a "sufficient intensity to reveal persons and vehicles at a safe distance in advance of the vehicle" as required by the Indiana Code §§ 9-21-7-2; 9-21-7-5. The Court concludes that "the circumstances confronting a police officer support the reasonable belief

4

that a driver has committed even a minor traffic offense," and therefore that there was probable cause for Officer Clark to stop Defendant Cloudy. *Muriel*, 418 F.3d at 724. Accordingly, the stop was constitutionally reasonable.

### IV. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Suppress Evidence [DE 33].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 12th day of November, 2021.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record